**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

------------------------------------------------------------------------x

Ehteshamuddin Mohammed,

            Plaintiff,                        **C.A. No.:**  2:25-cv-11795

          -against-                         **DEMAND FOR JURY**
                                           **TRIAL**

Trans Union, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Ally Financial Inc.,

            Defendant(s).

------------------------------------------------------------------------x

**COMPLAINT**

Plaintiff Ehteshamuddin Mohammed ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Trans Union, LLC ("Trans Union"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian" and collectively along with Trans Union and Equifax as "Bureaus"), and Defendant Ally Financial Inc. ("Ally" and collectively along with Bureaus as "Defendants") respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of the State of Michigan in the County of Oakland.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Trans Union is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Trans Union is a Delaware corporation registered to do business in the State of Michigan and may be served with process upon the CSC-Lawyers Incorporating Service, its registered agent for service of process located at 3410 Belle Chase Way, Suite 600, Lansing, MI 48911-4274.

7. At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Michigan and may be served with process upon the CSC-Lawyers Incorporating Service, its registered agent for service of process located at 3410 Belle Chase Way, Suite 600, Lansing, MI 48911-4274.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of Michigan and may be served with process upon The Corporation Company, its registered agent for service of process at 40600 Ann Arbor Road E, Suite 201, Plymouth, MI 48170.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Ally is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and may be served with process upon The Corporation Company, its registered agent for service of process at 40600 Ann Arbor Road East, Suite 201, Plymouth, MI 48170.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. This Complaint pertains to Plaintiff's Ally account with account number ending in *********4955 ("Account").

18. Plaintiff opened the Account with Defendant Ally on December 31, 2020, to lease a vehicle.

19. Plaintiff's lease was scheduled to expire in April 2024.

20. In anticipation of his lease expiring in April 2024, Plaintiff leased a new vehicle through Ally which contract was signed on February 28, 2024.

21. On April 2, 2024, Plaintiff returned his vehicle as per the lease agreement and was advised that Plaintiff had no outstanding balance remaining on his Account.

22. Plaintiff was surprised when shortly after returning the vehicle, Plaintiff received a letter from Ally dated April 13, 2024, stating that Plaintiff owed a disposition fee plus tax and had a balance in the amount of $411.

23. The letter specifically stated: "If the customer finances or leases another vehicle with Ally within 30 days of returning the current leased vehicle, the disposition fee will be waived or refunded if already paid." *Id.*

24. Plaintiff had leased a new vehicle with Ally in February 2024, therefore, the $411 disposition fee should not have been charged.

### Ally Dispute and Violation

25. Upon information and belief, on a date better known to Trans Union, Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information.

26. The inaccurate information furnished by Ally and published by the Bureaus is inaccurate since the Account is listed as a charge-off with a balance in the amount of $411.

27. It is materially misleading to mark Plaintiff's Account as a charge-off with an outstanding balance when in fact Plaintiff does not owe any balance on the Account due to his new lease with Defendant Ally.

28. By marking Plaintiff's Account as a charge-off with a balance, the Defendants give the false impression to potential lenders that Plaintiff was irresponsible by failing to pay his balance in full.

29. A charge off is considered a serious delinquency in the credit reporting world.

30. In fact, Plaintiff was never late on the Account during the term of his lease agreement.

31. Plaintiff disputed the Account with the Bureaus by sending a detailed dispute letter dated November 5, 2024 ("Dispute").

32. Additionally, Plaintiff included with his dispute, the Letter from Ally, which clearly stated that if Plaintiff leased another vehicle from Ally the disposition fee would be waived.

33. Upon information and belief, the Bureaus sent Ally notice of Plaintiff's dispute.

34. Upon receipt of Plaintiff's Dispute letters from the Bureaus, Ally failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed Account.

35. Had Ally done a reasonable investigation of the Plaintiff's Dispute, it would have been revealed to Ally that Plaintiff never owed the disposition fee as Plaintiff had already leased another vehicle through Ally.

36. Despite Plaintiff's disputes that the information on his consumer reports was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any of the information or claims of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

37. The Bureaus violated 15 U.S. Code § 1681i(a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

38. Had the Bureaus conducted a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the outstanding balance, and charge-off status were improperly listed.

39. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

40. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

41. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

42. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**FIRST CAUSE OF ACTION**

**(Willful Violation of the FCRA as to the Bureaus)**

43. Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

44. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

45. The Bureaus violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

46. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

47. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete; and

g) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

48. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from

credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

49. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

50. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Ehteshamuddin Mohammed, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to the Bureaus)

51. Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

52. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

53. The Bureaus violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

54. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

55. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete; and

g) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

56. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

57. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

58. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Ehteshamuddin Mohammed, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to ALLY)

59. Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

60. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

61. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

62. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

63. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

64. Ally violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

65. As a result of the conduct, action and inaction of Ally, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

66. The conduct, action and inaction of Ally was willful, rendering Ally liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

67. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Ehteshamuddin Mohammed, an individual demands judgement in his favor against Ally in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

**FOURTH CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to ALLY)**

68. Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

69. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

70. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

71. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

72. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

73. Ally is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

74. After receiving the Dispute Notice from the Bureaus, Ally negligently failed to conduct its reinvestigation in good faith.

75. A reasonable investigation would require a furnisher such as Ally to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

76. The conduct, action and inaction of Ally was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

77. As a result of the conduct, action and inaction of Ally Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

78. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Ehteshamuddin Mohammed, an individual, demands judgement in his favor against Ally for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

79. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  June 16, 2025                                          Respectfully Submitted,

                                                              _/s/ Yaakov Saks_

                                                              Stein Saks, PLLC

                                                              By: Yaakov Saks, Esq.

                                                              One University Plaza, Suite 620

                                                              Hackensack, NJ 07601

                                                              Phone: 201-282-6500

                                                              Fax: 201-282-6501

                                                              ysaks@steinsakslegal.com

                                                              *Attorney for Plaintiff*